Galsack Realty Corp., Petitioner-Landlord-Respondent, 
against
F. Felipe a/k/a Francisco Felipe, a/k/a Eduardo F. Felipe, Respondent-Tenant, and Ana Felipe, Respondent-Tenant-Appellant, and "John Doe" and "Jane Doe," Respondents-Undertenants.



Tenant Ana Felipe appeals from a final judgment of the Civil Court of the City of New York, New York County (Cheryl J. Gonzales, J.), entered July 18, 2018 after a nonjury trial, which awarded possession to landlord in a holdover proceeding.




Per Curiam.
Final judgment (Cheryl J. Gonzales, J.), entered July 18, 2018, affirmed, with $25 costs. 
The testimonial and documentary evidence adduced at trial, fairly interpreted, supports the trial court's determination that tenant did not primarily reside in the rent controlled Manhattan apartment. The evidence showed, and the court found, that the "majority of significant activity in [tenant's] life, including "daily living activities," take place in the Bronx, where she and her husband (from whom she is allegedly separated) have life estates (via an irrevocable trust) in a home they purchased in 1982. As the court found, tenant paid taxes and maintained a Con Edison account for the Bronx property; tenant's four doctors, dentist and pharmacy are located in the Bronx; "all of" her surgeries took place in the Bronx; tenant "conducts her shopping and makes bank withdrawals in the Bronx," and "the frequency with which these transactions took place suggests that [tenant] spends a great deal of time in the Bronx." Although tenant claimed that she resided in the Manhattan apartment and visited the Bronx regularly to take care of her husband when he is ill, the trial court, which was in a position to assess the credibility of [*2]witnesses, rejected this testimony as "strain[ing] credulity given tenant's age and physical condition."
To the extent that Civil Court offered an alternate, "succession" analysis of the case, any such error was harmless, since the court properly applied the law and burden of proof applicable to nonprimary residence, and the record firmly supports the court's ultimate finding of nonprimary residence.
We have examined all of tenant's remaining arguments and find them unpersuasive.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: June 05, 2019